# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lisa Jones

**(b)** County of Residence of First Listed Plaintiff    Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel S. Orlow, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Fl
Philadelphia, PA 19102

## DEFENDANTS

Pentec Health, Inc.

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq.; 42 U.S.C. §12101, et seq.; 29 U.S.C. § 2601, et seq

Brief description of cause:
Plaintiff was discriminated against because of her pregnancy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 11/18/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                  :

**LISA JONES**                    :
**Woolwich, NJ**            :
                                    :      **CIVIL ACTION NO. __**
            **Plaintiff,**        :
                                    :
      **v.**                             :
                                    :      **JURY TRIAL DEMANDED**
                                    :

**PENTEC HEALTH, INC.**    :
**Glenn Mills, PA, 19342**    :
                                    :
            **Defendant**      :
                                    :
_____ :

## CIVIL ACTION COMPLAINT

**I.**     **INTRODUCTION**

      Plaintiff, Lisa Jones, brings this action against her former employer, Pentec Health, Inc., for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* ("LAD"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

      Plaintiff began working for Defendant in 2013 and, up until the disclosure of her pregnancy in 2017, maintained an unblemished track record of success and positive praise for her performance. Following Plaintiff's disclosure of her high-risk pregnancy and corresponding need for an accommodation, Plaintiff was subjected to strict micro-management, received a negative and unfair performance review, had certain job duties and direct reports taken away, and was excluded from workplace meetings and

committees.  When Plaintiff complained of pregnancy discrimination, Defendant failed to conduct any meaningful investigation into the same.  On October 11, 2019, Plaintiff was terminated under the guise of a "position elimination" due to unspecified financial reasons.  Plaintiff was the only employee whose job was eliminated due to alleged financial reasons on October 11, 2019.

Defendant discriminated against Plaintiff because of her pregnancy and her pregnancy-related disability.  Further, Defendant retaliated against Plaintiff for seeking an accommodation for a high-risk pregnancy and submitting internal complaints of pregnancy discrimination.   Plaintiff seeks damages, including back-pay, front-pay, liquidated, compensatory, punitive,  attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II.   **PARTIES**

1.     Plaintiff Lisa Jones is an individual and citizen of the State of New Jersey, residing therein in Woolwich Township, NJ 08085.

2.     Defendant is incorporated under the laws of the Commonwealth of Pennsylvania.

3.     Defendant maintains a principle place of business located at 50 Applied Card Way, Glenn Mills, PA 19342.

4.     At all times material hereto, Defendant has been engaged in an industry affecting interstate commerce and acted as an "employer" of Plaintiff within the meaning of the statutes which form the basis of this matter.

5.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

6.      At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

7.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III.    JURISDICTION AND VENUE

8.      The causes of action set forth in this Complaint arise under Title VII, the ADA, the NJLAD, and the FMLA.

9.      Defendant is a citizen of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. § 1332.

10.     Plaintiff is a citizen of the State of New Jersey within the meaning of 28 U.S.C. § 1332.

11.     There exists complete diversity of citizenship between the parties to this matter and the amount in controversy exceeds $75,000.00.

12.     This District Court has jurisdiction over all Counts pursuant to  28 U.S.C. § 1332.

13.     Venue is proper under 28 U.S.C. § 1391(b).

14.     On or about December 4, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of the acts of discrimination alleged herein.  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.     On or about August 25, 2020, the EEOC issued to Plaintiff a Dismissal and

Notice of Right to Sue for Plaintiff's EEOC Charge.  Attached hereto and marked as Exhibit "B" is a true and correct copy of that Notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff was hired by Defendant on or about July 1, 2013 as a Clinical Coordinator.

18.    Plaintiff worked out of her home office in New Jersey.

19.    Defendant provided Plaintiff with monthly reimbursement for phone and internet services associated with her home office.

20.    Defendant reimbursed Plaintiff for approved office expenses associated with her home office, such as printer ink and paper.

21.    On or about November 10, 2014, Plaintiff was promoted into the position of Renal Clinical Director.

22.    Plaintiff's job duties included managing clinical operations and overseeing internal and external renal training and education programs.

23.    On or about July 24, 2017, Plaintiff began reporting to Deborah Dennis (female), Vice President of Contract Development and Payer Relations.

24.    Plaintiff consistently demonstrated positive performance and dedication to Defendant.  Plaintiff performed her duties in a highly-competent manner and, at all times prior to the disclosure of her pregnancy, received positive feedback on her performance.

25.    Prior to the disclosure of her pregnancy, Plaintiff never received any form

of disciplinary action.

26.    On or about October 4, 2017, Plaintiff informed Dennis that she was pregnant and would be taking maternity leave in or around April 2018.

27.    On or about October 12, 2017, Plaintiff informed Dennis that she had a high-risk pregnancy due to suffering a subchorionic hemorrhage and that she was unable to travel for the remainder of her pregnancy.

28.    From October 12, 2017 to April 13, 2018 Plaintiff did not travel due to her high-risk pregnancy.

29.    After Plaintiff informed Dennis of her pregnancy and corresponding need for an accommodation, Dennis treated Plaintiff differently and worse than she had prior to the disclosure of her pregnancy.

30.    After Plaintiff informed Dennis of her pregnancy and need for an accommodation, Plaintiff was excluded from certain meetings.  Specifically, Plaintiff was excluded from clinical operations and executive team meetings.  These meetings related directly to Plaintiff's job duties and responsibilities.

31.    After Plaintiff informed Dennis of her pregnancy and need for an accommodation, Plaintiff was excluded from Defendant's annual renal strategy meeting.

32.    Plaintiff had attended Defendant's renal strategy meeting every year since she had become a Director in 2014.

33.    When Plaintiff asked Dennis why she was not invited to these meetings, Dennis falsely told her that there was no need for her to attend the meetings, even though they were directly related to the performance of her job duties.

34.    On or about November 30, 2017, Dennis informed Plaintiff that, effective

December 4, 2017, she would be taking away a portion of her job duties as well as two (2) of her direct reports: Jane Marshall (female), Manager of Clinical Case Operations – West, and Lynn Leonard (female), Manager of Clinical Case Operations – East.

35.     The job duties that were taken away from Plaintiff effective December 4, 2017 consisted primarily of management of clinical operations.

36.     Dennis' stated reason for taking away Marshall and Leonard as Plaintiff's direct reports was that they could "manage themselves" and no longer needed to be directly supervised by Plaintiff.

37.     Dennis' statement that Marshall and Leonard no longer needed direct supervision was false.  Dennis herself began directly supervising Marshall and Leonard after she removed them from Plaintiff's supervision.

38.     On March 5, 2018, in a meeting with Dennis, Plaintiff received a negative and unfair performance review.

39.     The March 5, 2018 performance review criticized Plaintiff's leadership capabilities and claimed that Dennis had received negative feedback about Plaintiff from other employees.

40.     Before Plaintiff informed Defendant that she was pregnant and needed an accommodation, Plaintiff had no indication that her performance and leadership capabilities were supposedly unsatisfactory.

41.     Following the negative performance review from Dennis, Plaintiff complained of pregnancy discrimination to Becky Helfter (female), Director of Human Resources.  Plaintiff complained that, after she had informed Dennis of her pregnancy, Dennis took job duties and direct reports away from her, unfairly criticized her

performance, and instructed her to send her weekly updates and task lists.

42.     Plaintiff specifically complained to Helfter that she was being treated differently and worse by Dennis because of her pregnancy.

43.     Defendant failed to investigate Plaintiff's complaint of pregnancy discrimination.

44.     Defendant failed to remedy or prevent the discriminatory and retaliatory treatment to which Plaintiff was subjected.

45.     On April 13, 2018, Plaintiff gave birth and commenced her planned maternity leave.

46.     From April 13, 2018 to July 9, 2018, Plaintiff remained out of work on maternity leave.

47.     On July 9, 2018, Plaintiff returned to work.

48.     Upon Plaintiff's return to work, Dennis continued to treat Plaintiff worse than she had prior to the disclosure of her pregnancy.  Specifically, and without limitation, the job duties and direct reports that had been taken away from her and/or covered by other employees during her maternity leave were not returned to her.

49.     Upon Plaintiff's return to work, Dennis did not invite Plaintiff to participate in any of Defendant's committees, something that she routinely did for non-pregnant employees.

50.     Following her return to work, Plaintiff complained to Helfter that the job duties and responsibilities that had been taken away from her and/or covered by other employees during her maternity leave were not returned to her.

51.     Following her return to work, Plaintiff complained that she was treated in a

hostile, dismissive, and demeaning manner because of her pregnancy, her pregnancy-related disability, and/or in retaliation for requesting an accommodation.

52.     During this time period Dennis became more dismissive of Plaintiff and took away even more of her job duties, including management of Defendant's speaker programs and approval process.

53.     On October 11, 2019, in a phone call with Dennis and Helfter, Defendant terminated Plaintiff's employment, effective immediately.

54.     The stated reason was that Defendant was eliminating Plaintiff's position due to financial problems.

55.     Defendant's stated reason for Plaintiff's termination was a pretext for discrimination and retaliation.

56.     Defendant terminated Plaintiff's employment because of her pregnancy, her pregnancy-related disability, her request for accommodation, and in retaliation for her complaints of pregnancy discrimination.

57.     Plaintiff was the only employee that Defendant terminated on October 11, 2019.

58.     Defendant replaced Plaintiff with Marshall.

59.     Marshall was not pregnant and had not complained of pregnancy discrimination.

60.     Plaintiff was more qualified to perform her position than Marshall.

61.     Plaintiff's pregnancy, pregnancy-related disability, requests for an accommodation, and internal complaints of discrimination were each motivating and/or determinative factors in Defendant's discriminatory and retaliatory treatment of her.

62.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I – Title VII**

63.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

64.     By committing the foregoing acts of discrimination and retaliation Defendant has violated Title VII.

65.     Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

66.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## **COUNT II – Americans with Disabilities Act**

69.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination and retaliation Defendant has violated the ADA.

71.     At all relevant times, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

72.     Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

73.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

74.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

## COUNT III – NJLAD

76.     By committing the foregoing acts of discrimination and retaliation Defendant has violated the LAD.

77.     As a direct and proximate result of Defendant's violation of the LAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

78.     Members of Defendant's upper management were directly involved in and/or willfully indifferent to the discrimination and retaliation set forth herein, and its conduct was especially egregious, thus warranting the imposition of punitive damages.

79.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

80.     No previous application has been made for the relief requested herein.

## COUNT IV – FMLA

81.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

82.     Plaintiff had worked for Defendant for at least 1,250 hours in the twelve months period preceding April 13, 2018.

83.     Plaintiff's need for maternity leave commencing on April 13, 2018 qualified for protection under the Family and Medical Leave Act.

84.     At all relevant times, Defendant was subject to the requirements of the FMLA.

85.     By committing the foregoing acts retaliation against Plaintiff Defendant violated the anti-retaliation provisions of FMLA.

86.     Plaintiff's exercise of her FMLA right to maternity leave was considered as a negative factor, and was a motivating and determinative factor in Defendant's discriminatory conduct towards Plaintiff, including terminating her employment.

87.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

88.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful

acts unless and until the Court grants the relief requested herein.

89.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Lisa Jones, and against Defendant:

a.    Declaring the acts and practices complained of herein to be in violation of Title VII;

b.    declaring the acts and practices complained of herein to be in violation of ADA;

c.    declaring the acts and practices complained of herein to be in violation of the LAD;

d.    declaring the acts and practices complained of herein to be in violation of the FMLA;

e.    enjoining and restraining permanently the violations alleged herein;

f.    awarding damages to Plaintiff for the past and future economic losses that she has suffered;

g.    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

h.    awarding punitive damages to Plaintiff;

i.    awarding liquidated damages to Plaintiff

j.    awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

k.   granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**


Dated: November 18, 2020          BY:   _____
Daniel S. Orlow, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(215) 545-7676
Attorneys for Plaintiff, Lisa Jones

Exhibit "A"

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Lisa Jones v. Pentec Health, Inc.**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC    protects your state rights, especially since there may be circumstances in which state and federal laws    and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are    unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be    dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with    your signature under the verification below, will constitute filing with the PHRC. You have chosen    EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept    EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to    file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,    the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is    required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file    your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

 X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X    *I understand that false statements in this complaint are made subject to the penalties of 18    Pa.C.S. §4904, relating to unsworn falsification to authorities.*

         X    *Lisa Jones* 12/4/19
                    Signature and Date

____   I do not want my charge dual filed with PHRC

                    _____
                    Signature and Date

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Ϙ FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Lisa Jones** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>███████ |
|---|---|

| STREET ADDRESS<br>████████ | CITY, STATE AND ZIP<br>Woolwich Twp., NJ 08085 | DATE OF BIRTH<br>██████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>Pentec Health, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE (Include Area Code)<br>(610) 494-8700 |
|---|---|---|
| STREET ADDRESS<br>50 Applied Card Way | CITY, STATE AND ZIP<br>Glen Mills, PA 19342 | COUNTY<br>Delaware |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Ϙ Race   Ϙ Color   **X** Sex   Ϙ Religion   Ϙ National Origin<br>**X** Retaliation   Ϙ Age   **X** Disability   **X** Other *(Specify)* Pregnancy | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  10/11/2019 |
|---|---|

### The Particulars Are:

A.    1.    Relevant Work History

I was hired by Respondent on or about July 1, 2013. I last held the position of Director, Renal Clinical Learning and Business Development. I reported to Deborah Dennis (female), Vice President of Contract Development and Payer Relations. Dennis reported to Robert Pettit (male), Senior Vice President of Revenue Cycle Management and Contracting. I worked out of my home office in New Jersey.

After I informed Respondent of my pregnancy and need for an accommodation, Respondent removed from me a portion of my job duties and two (2) of my direct reports and unfairly criticized my performance. I complained of pregnancy discrimination. Respondent terminated my employment after I returned from my maternity leave. Respondent subjected me to a hostile work environment and terminated my employment because of my sex and/or pregnancy and/or disability and/or request for accommodations for my pregnancy and disability and/or maternity leave and/or complaints of sex and pregnancy discrimination.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly-competent manner. Before informing Respondent of my pregnancy, I received positive performance feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br>12/4/19           Charging Party *(Signature)*:<br>*Lisa Jones* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 4**
**Initials of Charging Party –**

2.      Harm Summary

I have been discriminated against because of my sex (female), my pregnancy, and my disability, and retaliated against because of my seeking accommodations for my pregnancy and disability, and my sex and pregnancy discrimination complaints.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) On or about July 24, 2017, I began reporting to Dennis.

(b) On or about October 4, 2017, I informed Dennis that I was pregnant and would be taking maternity leave in April 2018.

(c) On or about October 12, 2017, I informed Dennis that I had a high-risk pregnancy and was unable to travel for the remainder of my pregnancy.

(d) From October 12, 2017 to April 13, 2018, I had the accommodation of not traveling, due to having a high-risk pregnancy.

(e) After I informed Respondent of my pregnancy and need for an accommodation, Dennis instructed me to send her weekly updates and task lists.  None of Dennis's nonpregnant direct reports were required to send her weekly updates and task lists.

(f) After I informed Respondent of my pregnancy and need for an accommodation, I was excluded from attending certain meetings, unlike Dennis's nonpregnant direct reports and unlike before I was pregnant and requested an accommodation.  I asked why I was not invited to these meetings, as the meetings related to my job duties and responsibilities.  Dennis told me that there was no need for me to attend the meetings and that she would tell me if anything important was discussed.

(g) On or about November 30, 2017, Dennis informed me that, effective December 4, 2017, she would take away a portion of my job duties and responsibilities and two (2) of my direct reports: Jane Marshall (female), Manager of Clinical Case Operations – West, and Lynn Leonard (female), Manager of Clinical Case Operations – East.

(h) Respondent took away from me a portion of my job duties and responsibilities and two (2) of my direct reports because of my sex and/or pregnancy and/or disability and/or request for accommodations for my pregnancy and disability.

(i) After I informed Respondent of my pregnancy and need for an accommodation for my pregnancy and disability, Respondent took a series of actions which made me believe that Respondent was managing me out of my job.

(j) On March 5, 2018, in a meeting with Dennis, I received an unfair performance review.  My performance did not warrant an unfair performance review.

(k) I received an unfair performance review because of my sex and/or pregnancy and/or disability and/or request for accommodations for my pregnancy and disability.

(l) On or about March 5, 2018, in a meeting with Becky Helfter (female), Director of Human Resources, I complained of pregnancy discrimination.  I complained that, after I informed Dennis that I was pregnant, Dennis took job duties and direct reports away from me, unfairly criticized my performance, and instructed me to send her weekly updates and task lists.  I complained that I believed that I was being treated differently and worse because of my pregnancy.

EEOC Charge of Discrimination
Page 3 of 4
Initials of Charging Party –

(m) Respondent failed to investigate my complaint of pregnancy discrimination.

(n) Respondent failed to remedy or prevent the sex and pregnancy discrimination to which I was subjected.

(o) On April 13, 2018, I gave birth.

(p) On April 13, 2018, I went out of work on maternity leave.

(q) From April 13, 2018 to July 9, 2018, I was out of work on maternity leave.

(r) On July 9, 2018, I returned to work from maternity leave.

(s) Upon my return to work, certain of my job duties and responsibilities and my direct reports that were taken away from me and/or were covered by other employees during my maternity leave were not returned to me.

(t) I was not invited to participate in any committees, unlike Dennis's other direct reports and my remaining direct reports.

(u) Upon my return to work, Dennis continued to treat me in a dismissive manner, differently and worse from how male and/or nonpregnant and/or nondisabled and/or noncomplaining employees were treated.

(v) Respondent's actions toward me made me believe that Respondent was managing me out of my job.

(w) On multiple occasions, I complained to Helfter that certain of my job duties and responsibilities that were taken away from me and/or were covered by other employees during my maternity leave were not returned to me and that Dennis treated me in a dismissive manner.

(x) On October 11, 2019, in a phone call with Dennis and Helfter, Respondent terminated my employment, effective immediately. The stated reason was that Respondent was eliminating my position due to Respondent's finances.

(y) Respondent's stated reason for my termination is pretext.

(z) Respondent terminated my employment because of my sex and/or pregnancy and/or disability and/or request for accommodations for my pregnancy and disability and/or maternity leave and/or complaints of sex and pregnancy discrimination.

(aa) I was the only employee that Respondent terminated on October 11, 2019.

(bb) Respondent offered no explanation, including the selection criteria, as to why I was terminated while the male, non-pregnant female, nondisabled, and/or noncomplaining employees were retained.

(cc) Respondent retained all male, non-pregnant, nondisabled, and/or noncomplaining female employees when I was terminated.

EEOC Charge of Discrimination
Page 4 of 4
Initials of Charging Party –

(dd) Before I informed Respondent I was pregnant and needed an accommodation, I had no indication that my work performance was not satisfactory.

(ee) Before I informed Respondent I was pregnant and needed an accommodation, I had no indication that my job was in jeopardy.

(ff) Respondent replaced me with Marshall, who Respondent promoted to Director of Renal Clinical Operations.  I was more qualified to perform my position than the noncomplaining employee who had previously reported to me.

(gg) Respondent's sex and pregnancy and disability discriminatory and retaliatory conduct and comments have caused me emotional distress.

(hh) Respondent did not target or treat in the same way similarly-situated male or non-pregnant or nondisabled employees or employees who took a leave of absence or requested an accommodation.

'B.      1.      Respondent's Stated Reasons

(a)      Respondent's stated reason for terminating my employment, that Respondent was eliminating my position due to Respondent's finances, is pretext for sex and/or pregnancy and/or disability discrimination and/or retaliation for seeking accommodations for my pregnancy and disability and/or taking maternity leave and/or complaining of sex and pregnancy discrimination.

(b)      Respondent has provided no explanation for subjecting me to a hostile work environment because of my sex and/or pregnancy and/or disability and/or request for accommodations for my pregnancy and disability and/or taking maternity leave and/or complaints of sex and pregnancy discrimination.

(c)      Respondent has provided no explanation for failing to remedy or prevent the sex, pregnancy, and disability discrimination and retaliation against me.

C.      1.      Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my sex (female), my pregnancy, and my disability, and has retaliated against me based on my seeking accommodations for my pregnancy and disability and my complaints of sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII"); Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, et seq. ("NJLAD"), as set forth herein.

# Exhibit "B"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:    **Lisa Jones**<br><br>� ████████████<br>**Woolwich Township, NJ 08085** | From:   **Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107** |

[ ]   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-01359** | **Legal Unit,<br>Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R Williamson* (signature)

August 25, 2020

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:   **PENTEC HEALTH**                                      **Emily Derstine Friesen, Esq. (For Charging Party)**
     **Caren Litvin, Esq. (For Respondent)**               **CONSOLE MATTIACCI LAW, LLC**
     **LITVIN LAW OFFICE**                                  **1525 Locust Street, 9th Floor**
     **150 N. Radnor Chester Road, Suite F-200**           **Philadelphia, PA 19102**
     **Radnor, PA 19087**